# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| International Outdoor, Inc., | Case No. |
|     Plaintiff, | Hon. |
| v. | |
| Charter Township of Royal Oak, | **COMPLAINT** |
|     Defendant. | |

BODMAN PLC
By:   J. Adam Behrendt (P58607)
201 West Big Beaver Road, Suite 500
Troy, Michigan 48084
(248) 743-6000
Attorneys for Plaintiff International Outdoor, Inc.

## COMPLAINT

Plaintiff International Outdoor, Inc. complains against defendant Charter Township of Royal Oak ("Township") as follows:

## PARTIES

1. International Outdoor is a Michigan corporation with its principal place of business in Oakland County, Michigan. It is an outdoor advertising company that erects outdoor advertising displays, commonly known as billboards, throughout Southeast Michigan on property it leases or, in some cases, owns. International Outdoor earns revenue by charging advertisers to display their messages on its signs.

2. The Township is a Michigan municipal corporation organized under the charter township act, MCL 42.1, *et seq.,* and is located in Oakland County, Michigan.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331 because International Outdoor asserts claims arising under the United States Constitution and 42 U.S.C. § 1983.

4. The Court has jurisdiction over this action under 28 U.S.C. § 1343(a)(3) and (4) because International Outdoor seeks to redress the deprivation, under color of state law, of rights secured by the United States

Constitution.

5. Venue is proper in the Court under 28 U.S.C. § 1391(b)(1) in this judicial district.

## COMMON ALLEGATIONS

6. The Township regulates billboards and other signs through Article XV of its code of zoning ordinances ("Ordinance").

7. Section 32-824 states the purpose of the Ordinance as follows:

> This article permits signs and other displays that are needed for the purposes of identification or advertising, subject to certain standards. It is the intent of these regulations to meet the following objectives:
>
> (1) By reason of their area, dimensions, location, spacing, construction or manner of display, signs shall not endanger life or limb, confuse or mislead traffic, obstruct vision necessary for traffic safety, or otherwise endanger the public health or safety.
>
> (2) Signs should enhance the aesthetic appeal of the township. Thus, these regulations are intended to: a. Regulate the area and dimensions of signs to prevent the installation of signs that are out-of-scale with surrounding buildings and structures; and b. Prevent an excessive accumulation of signs that cause visual clutter and distraction.
>
> (3) Signs should not detract from neighborhood character nor diminish the value of surrounding properties

8. Consistent with its statement of purpose, the Ordinance makes

distinctions in its regulation of signs on the basis of their content, which do not survive strict, or even intermediate level, scrutiny.

9. Specifically, the Ordinance permits "[o]ff-premises advertising signs" which it defines as "a sign that contains a message unrelated to a business or profession conducted or a message related to a commodity, service, or activity sold or offered upon the premises where such sign is located. The term 'off-premises advertising sign' includes a billboard." Section 32-823.

10. Off-premises advertising signs, however, are only permitted in the M-1 and M-2 zoning districts of the Township and are subject to various control inapplicable to other types of signs, including:

> (1) *Maximum area.* No such sign shall exceed 300 square feet in area per sign face.
>
> (2) *Maximum height.* The maximum height for such signs shall be 25 feet. Section 32-830.

11. Other signs—such as "construction sign[s]", "real estate sign[s]", and "political signs"—are permitted in all zoning districts and are subject to different controls. *Id.*

12. In 2009, the Township leased Township-owned property to a competitor of International Outdoor and allowed that speaker to erect a billboard that did not comply with applicable zoning, size of the sign area, and height

4

restrictions contained in the Ordinance. The competitor's billboard is not located in the M-1 or M-2 zoning districts, is approximately 672-square feet in surface area, and approximately 60-feet tall. The Township receives lease payments from International Outdoor's competitor in exchange for the right to use the Township's property.

13. The Township has not offered to lease property to International Outdoor. Rather, International Outdoor, through written leases, has obtained permission from the owners of the properties in the Charter Township of Royal Oak with street addresses of 10550 W. Eight Mile and 8888 W. Eight Mile Road to erect and maintain billboards at those locations ("Properties").

14. International Outdoor applied for permits to erect billboards like that of International Outdoor's competitor on the Properties; namely, billboards with sign surface areas of 672 square feet and a total height of approximately 60 feet. However, and because of the Properties' zoning classification, International Outdoor also needed to obtain a use variance to erect the billboards in the C-3 zoning district as well as the dimensional variances noted above.

15. On September 8, 2020 (as to 10550 W. Eight Mile Road) and May 5, 2021 (as to 8888 W. Eight Mile Road), International Outdoor submitted variance applications to the Township and paid the appropriate fees. Each application

sought three variances to allow a billboard in an area in which billboard advertising is not otherwise permitted as well as a relaxation of the height and sign surface areas regulations to match that of International Outdoor's competitor.

16. As a part of its applications, International Outdoor has paid all required fees, which total $5,600.

17. Other than the fact that the Township would not stand to benefit economically from the billboards, International Outdoor's proposed billboards are the same as the billboard the Township allows on its property.

18. The Township has acknowledged its receipt of the permit and variance applications and has accepted International Outdoor's payments, a portion of which the Township is holding in escrow.

19. Nevertheless, the Township has not issued the requested permits or, alternatively, scheduled a variance hearing.

20. Under Section 32-51(b)(13) of the Ordinance, the Township is required to "forward to the zoning board of appeals all materials related to applications for appeals, variances, or other matters on which the zoning board of appeals is required to act."

21. Section 32-156 of the Ordinance states that, "[f]ollowing receipt of a written request concerning a request for a variance, the building official or the

zoning board of appeals shall fix a reasonable time and place for the hearing of the variance request and give notice . . . ."

## COUNT I
## 42 U.S.C. § 1983
## DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW – <u>FREE SPEECH</u>

22. International Outdoor incorporates by reference paragraphs 1-21.

23. Billboard advertising is a form of speech protected under the First and Fourteenth Amendments to the U.S. Constitution.

24. The Township has acted under color of state law in its attempts to regulate International Outdoor's ability to erect and maintain billboards on the Properties.

25. To satisfy the First and Fourteenth Amendments and because the Township distinguishes signs on the basis of their content, any attempt by the Township to regulate or restrict International Outdoor's ability to erect or maintain a sign is subject to strict scrutiny and, accordingly, must further a compelling interest and be narrowly tailored to achieve that interest.

26. The Township's purported regulations of the zoning, height, and surface areas of off-premises advertising signs or billboards does not satisfy strict scrutiny in so much as the Township does not consistently enforce such regulations when dealing with itself or favored speakers that provide the Township with an

economic benefit. Thus, such regulations are unconstitutional on their face and as applied against International Outdoor.

27. International Outdoor has suffered and will continue to suffer financial harm because of its inability to erect and use its proposed signs.

WHEREFORE International Outdoor prays for judgment against the Township granting International Outdoor injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

## COUNT II
## 42 U.S.C. § 1983
## VIOLATION OF INTERNATIONAL OUTDOOR'S CIVIL RIGHTS THROUGH UNCONSTITUTIONAL PRIOR RESTRAINT UNDER FIRST AND FOURTEENTH AMENDMENTS

28. International Outdoor incorporates by reference paragraphs 1-27.

29. The law looks disfavorably upon licensing schemes that constitute a prior restraint upon free speech, which are presumptively unconstitutional. *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 150-151 (1969). "[A] law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional." *Id*.

30. Here, the Sign Ordinance provides that an applicant must apply for a

8

permit and, if the proposed sign does not strictly comply with the Ordinance, seek a variance.

31. As evidenced by the Township's inaction as to International Outdoor's applications, it is apparent the Ordinance lacks procedural safeguards as to when decisions must be made for permits relating to signs. Alternatively, the Ordinance permits the Township to exercise censorship as to disfavored speakers.

32. Consequently, International Outdoor has suffered and will continue to suffer financial harm because of its inability to erect and use its proposed signs.

WHEREFORE, International Outdoor prays for judgment against the Township granting International Outdoor injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

### COUNT III
### 42 U.S.C. § 1983
### DEPRIVATION OF RIGHT TO EQUAL PROTECTION
### UNDER COLOR OF STATE LAW

33. International Outdoor incorporates by reference paragraphs 1-32.

34. The Township does not enforce its Ordinance on itself or preferred speakers, such International Outdoor's competitor.

35. All the while, The Township refuses to grant International Outdoor its requested permits or, at a minimum, conduct a variance hearing.

36. The Township has denied International Outdoor its right to equal protection of the law by denying International Outdoor the right to erect its billboards while it allows favored speakers, such as International Outdoor's competitor or those who provide the Township with an economic incentive, to erect billboards within the Charter Township of Royal Oak.

37. International Outdoor has suffered and will continue to suffer financial harm because of its inability to erect and use its proposed signs.

WHEREFORE, International Outdoor prays for judgment against the Township granting International Outdoor injunctive and declaratory relief and awarding it damages in an amount to be determined at trial, together with attorney fees authorized by 42 U.S.C. § 1988, plus costs and interest.

                Respectfully submitted,

                BODMAN PLC

                By: /s/ J. Adam Behrendt
                     J. Adam Behrendt (P58607)
                201 West Big Beaver Road, Suite 500
                Troy, Michigan 48084
                (248) 743-6000
                jbehrendt@bodmanlaw.com
                Attorneys for Plaintiff International Outdoor, Inc.

June 17, 2021